**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **ANDERSSON MARIO ADONIAS LOBOS AGUILAR #A222-561-798** | **CASE NO. 1:26-CV-02870 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN WINN CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is a "Petition for Temporary Restraining Order" (Doc. 3) filed by *Pro se* Petitioner, Andersson Mario Adonais Lobos Aguilar.

## BACKGROUND

Petitioner, a non-citizen of the United States, was stopped based on an alleged traffic violation on June 4, 2026, and subsequently detained by ICE. He is currently being held at the Winn Correctional Center in Winnfield, Louisiana.

## LAW AND ANALYSIS

Petitioner requests that he be immediately released under appropriate conditions of supervision, and that Respondents be enjoined and restrained from "re-detaining" him.[1]

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction

[1] Petition for Temporary Restraining Order, p. 9, Doc. 3.

might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Here, the bare allegations Petitioner has raised are insufficient to show a likelihood of success on the merits. Accordingly,

**IT IS ORDERED** that Petitioner's Petition for Temporary Restraining Order (Doc. 3) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 4th day of August, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**